24 So.2d 567

**ROGERS v. STATE.**

**8 Div. 496.**

Court of Appeals of Alabama.

Jan. 22, 1946.

Wm. Stell, of Russellville, for appellant.

Wm. N. McQueen, Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Without dispute or conflict the evidence in this case discloses that appellant, Loyd Rogers, killed Howard Mitchell, the deceased named in the indictment, by stabbing him with a knife.

The indictment charged murder in the second degree. The defendant interposed his plea of not guilty, and relied upon self-defense. The trial below resulted in the conviction of the defendant of the offense of manslaughter in the first degree and his punishment was fixed by the jury, as the law provides, at imprisonment for a period of ten years. The trial court adjudged the defendant guilty accordingly, and sentenced him to imprisonment in the penitentiary for ten years. From the judgment of conviction this appeal was taken.

The evidence for the State consisted of the testimony of several eyewitnesses who were in close proximity when the fatal blow was inflicted, and so far as this record shows, said witnesses were disinterested and unbiased. The tendency of the evidence given by said witnesses was to the effect that the defendant not only contributed, by word and act, to provoke and bring on the difficulty which resulted in the immediate death of the deceased named in the indictment, and also that he entered into said difficulty and fought willingly. All the testimony as to the difficulty without dispute or conflict disclosed that after

the knife blows had been inflicted upon deceased by defendant the deceased ran from the scene for about half block and that defendant ran after him following in close proximity until deceased fell and expired.

The defendant testified in his own behalf and his testimony tended to show that he fought in self-defense.

This conflict in the evidence presented questions for the jury to determine.

Upon this appeal it is insisted that the trial court erred in refusing to give defendant's written charges 2, 5, 6, and 18. Charge 2 was the affirmative charge as to manslaughter in the first degree. There is no merit in this insistence, as under the evidence, as stated, the matter involved in said charge was for the jury to determine, and no phase of the evidence entitled the accused to a directed verdict.

Charge 5 was fairly and substantially covered by the oral charge of the court, and also by defendant's given charge No. 16. The oral charge of the court when taken as a whole amply covered defendant's refused charges 6 and 18.

In addition to the foregoing appellant insists that error prevailed in the court's rulings upon the admission of the testimony. There is so clearly no merit in these insistences no discussion is necessary.

In our opinion the evidence in this case was ample in every way to sustain the verdict of the jury and to support the judgment of conviction pronounced and entered.

No error appears in any of the rulings of the court upon this trial. The record is also without error. Therefore the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.